IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| LEVERNE SMITH, | : | |
| | : | |
| Claimant, | : | |
| | : | |
| v. | : | CASE NO. 3:12-CV-73-CAR-MSH |
| | : | Social Security Appeal |
| CAROLYN COLVIN, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Claimant's application for disability benefits, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d

1206, 1210 (11th Cir. 2005) (internal quotation marks omitted).  The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1]  *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005).  It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).  The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it.  *Id.*

The claimant bears the initial burden of proving that she is unable to perform her previous work.  *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986).  The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic.  *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2]  A claimant seeking Social Security disability benefits must demonstrate that he/she suffers from an impairment that prevents him/her from engaging in any substantial gainful activity for a twelve-month period.  42 U.S.C. § 423(d)(1).  In addition to meeting the requirements of

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991).  It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence.  *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the claimant is working. *Id.* If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the AListing@). *Id.* Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

3

**Administrative Proceedings**

Claimant protectively applied for a period of disability, disability insurance benefits and supplemental security income on June 14, 2007, alleging disability as of February 23, 2007, due to tendonitis and depression. (Tr. 199; ECF No. 11) Claimant's application was denied, and Claimant timely requested a hearing before an Administrative Law Judge ("ALJ"). The Claimant appeared before an ALJ for a hearing on August 12, 2009, and following the hearing, the ALJ issued an unfavorable decision on September 25, 2009. (Tr. 14-20.) The Appeals Council ultimately denied Claimant's Request for Review on April 4, 2012. (Tr. 1-3.) This appeal followed.

**Statement of Facts and Evidence**

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Claimant had not engaged in substantial gainful activity since her alleged onset date. (Tr. 16.) The ALJ found that Claimant had chronic bilateral tendonitis of the wrists which was determined to be severe. (*Id.*) The ALJ then determined that Claimant's severe impairments did not meet or medically equal, either individually or any combination, any one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id*. at 17)

The ALJ next found that Claimant had the residual functional capacity (RFC) to perform light work except that she was restricted to frequent handling and fingering. (Tr. 17.) Based on his RFC and the medical evidence, the ALJ then determined that Claimant was capable of performing her past relevant work. (Tr. 19.) Thus, the ALJ determined

that Claimant was not disabled within the meaning of the Regulations and that there were jobs available which existed in significant numbers that Claimant could perform.  (*Id.* at 20.)

## ISSUES

I.    **Whether the ALJ erred in determining Claimant's residual functional capacity.**

II.   **Whether the ALJ erred in evaluating Claimant's subjective allegations of pain.**

## DISCUSSION

I.    **Did the ALJ err in determining Claimant's residual functional capacity?**

In her first enumeration of error, the Claimant argues that the ALJ erred in various ways when assessing her residual functional capacity ("RFC").  (Cl.'s Br. 5, ECF No. 13.)  Specifically, Claimant contends that the ALJ erred in finding that she could perform frequent manipulations and erred in evaluating her exertional limitations.  (*Id.*)

In determining a claimant's RFC, Social Security Ruling 96-8p, in relevant part, states that:

> In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record.

The Regulations further state that where an ALJ finds that the Claimant's impairments do not meet a relevant Listing, he is required to make a determination as to whether the Claimant still has the residual functional capacity to engage in gainful employment by

returning to former work or performing other work which he would be able to perform taking into consideration any limitational impairments. 20 C.F.R. §§ 404.1545 and 416.945; Social Security Ruling 96-8p. "The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 CFR 404.1545 and 416.945. Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." *Lapica v. Comm'r of Soc. Sec.*, 2012 WL 6571081, *3 (11th Cir. 2012).

Claimant asserts as error the ALJ's finding that she could perform frequent handling and fingering without any restrictions on her ability to do repetitive work with her wrists. Specifically, Claimant contends that the ALJ's limitation of Claimant to "frequent" handling and fingering is erroneous considering he accepted her limitation of no "repetitive" use of her hands. As the Claimant noted in her brief, the United States District Court for the Northern District of Georgia, in a factually similar case, recently found that

> "Frequent" activity, however, is not the same as either "strenuous" or "repetitive" activities. Frequent activity includes the use of the hands from one-third to two-thirds of each workday. *See* SSR 83-14. A restriction against "any repetitive activity," however, relates not to hours of use but to type of use, and two similar uses of the hand in a workday would seemingly be outside Plaintiff's capabilities as recited by her treating physician. Because the ALJ did not consider a restriction on repetitive use in finding Plaintiff's RFC, his determination is not supported by substantial evidence.
>
> Moreover, since the medical evidence is that Plaintiff could not work in a job

>   requiring repetitive use of her hands, the ALJ should have asked the VE whether there were jobs in the economy for a person with Plaintiff's limitations, including a limitation to no strenuous or repetitive use of the hands. Since he failed to do so, his hypothetical to the VE was not complete and the VE's opinion is insufficient to support a finding of no disability in this case.

*Persiani v. Astrue*, No. 3:06-CV-0126-CCH, slip op. at *13-14 (N.D. Ga. Aug. 14, 2007). That decision is well taken by this Court. Because the ALJ gave credit to Claimant's limitation to no repetitive use of his hands based on the restrictions imposed by her treating physician, he should have included that limitation in Claimant's RFC, and subsequently, in his hypothetical question to the VE. As such, the ALJ's RFC determination in this case is not based on substantial evidence and this case should be remanded for the ALJ to address the issue.

## II.   Did the ALJ err in failing to credit Claimant's subjective allegations of pain?

Having found that the Commissioner erred as to the issue analyzed above, the Court finds no need to address the remaining claim. However, on remand, the ALJ is directed to address each of the claims raised by Claimant.

## CONCLUSION

WHEREFORE, for the foregoing reasons, it is RECOMMENDED that the Commissioner's decision in this case be remanded pursuant to sentence four. Under 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this, the 5th day of September, 2013.

S/ STEPHEN HYLES
UNTED STATES MAGISTRATE JUDGE