IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| LAVERNE SMITH, | : | |
| | : | |
| Plaintiff, | : | CASE NO. |
| v. | : | 3:12-CV-73 (CAR) |
| | : | |
| CAROLYN W. COLVIN, | : | |
| Acting Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

**ORDER ON REPORT AND RECOMMENDATION**

Currently before the Court is the United States Magistrate Judge's Report and Recommendation [Doc. 22] to grant Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act ("EAJA") [Doc. 20]. The Acting Commissioner does not oppose Plaintiff's Motion, and this Court, having considered the matter, agrees with the findings and conclusion of the United States Magistrate Judge. The EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.[1]

---

[1] 28 U.S.C. § 2412(d)(1)(A).

1

The statute further provides that awards of attorney's fees shall be based on prevailing market rates for comparable services, but that fees in excess of $125 per hour shall not be awarded "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."[2]

As set forth in the Report and Recommendation, the Acting Commissioner concedes that attorney's fees are justified in this case, and she has no opposition to the requested amount of $5,631.36, representing 30.35 attorney hours.  The fees requested do not exceed the $125 per hour rate specified in the EAJA adjusted for inflation.   The Recommendation [Doc. 22] is therefore **ADOPTED** and **MADE THE ORDER OF THE COURT**. Plaintiff's Motion for Attorney's Fees [Doc. 20] is **GRANTED**, and it is **HEREBY ORDERED** that Plaintiff receive $5,631.36 for his attorney's fees.  These amounts are to be paid directly to Plaintiff.[3]

SO ORDERED, this 13th day of January, 2014.

S/  C. Ashley Royal
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

SSH

---

[2] 28 U.S.C. § 2412(d)(2)(A).
[3] *See* 28 U.S.C. § 2412(d)(1)(A); *Astrue v. Ratliff*, 560 U.S. 586 (2010); *Reeves v. Astrue*, 526 F.3d 732, 735 (11th Cir. 2008) (explaining that the EAJA "unambiguously directs the award of attorney's fees to the party who incurred those fees and not to the party's attorney").